# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

No. 21-50256

Robert Kennedy, Individually and on behalf of all others similarly situated,

*Plaintiff—Appellee*,

*versus*

Pioneer Natural Resources Company,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CV-86

Before Jones, Higginson, and Duncan, Circuit Judges.

Per Curiam:*

Appellant Pioneer Natural Resources Company hired Onshore Quality Control Specialists, LLC and Applied Consultants, Inc. to independently oversee its pipeline construction and improvement projects. Onshore later hired Appellee Robert Kennedy in September 2018 and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

assigned him to its team providing services to Pioneer. Kennedy quit in early January 2019; Applied Consultants hired him the next day and also assigned him to its team servicing Pioneer. Kennedy then quit sometime in April 2019. As a condition of his employment with both Onshore and Applied Consultants, Kennedy signed substantially similar arbitration agreements. Both staffing companies also determined that Kennedy was exempt under 29 U.S.C. § 213 from the overtime requirements of the Fair Labor Standards Act ("FLSA").

Kennedy maintains that he and others were misclassified as independent contractors with Onshore and Applied Consultants, and that Pioneer was his actual employer. As a result, Kennedy filed a collective action against Pioneer in April 2020 to recover allegedly unpaid overtime wages and other damages under the FLSA. Pioneer moved to compel arbitration, seeking to enforce the arbitration agreements as a non-signatory. The district court adopted the magistrate judge's recommendation to deny that motion. Pioneer then timely appealed before moving for a stay, which the district court denied.

Pioneer argues that an arbitrator should decide whether Kennedy's FLSA claims are arbitrable. It alternatively insists that the claims are still arbitrable even if the court decides arbitrability. And Pioneer finally contends that the court should estop Kennedy from evading arbitration.

These arguments, though compelling, are foreclosed by several of our recent decisions that involved nearly identical circumstances. *See Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393 (5th Cir. 2022); *Newman v. Plains All Am. Pipeline, L.P.*, 2022 WL 1114407 (5th Cir. Apr. 14, 2022) (*per curiam*); *Hinkle v. Phillips 66 Co.*, 35 F.4th 417 (5th Cir. 2022). The gravamen is that, according to these decisions, Kennedy did not agree to arbitrate his claims against Plains, and Plains does not have a close enough relationship with

No. 21-50256

Onshore and Applied Consultants to enforce their agreements through equity.

AFFIRMED.